**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SEAN P. GASKIN, *et al.*,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>STEPHEN M. MAY, *et al.*,<br><br>　　　　Defendants. | Civ. Action No. 15-33 (EGS) |

**MEMORANDUM OPINION**

## I. Introduction

Plaintiffs Sean P. Gaskin ("Mr. Gaskin"); John W. Scantlebury ("Mr. Scantlebury"); and Frederick C. Hawkesworth ("Mr. Hawkesworth")[1] (collectively, "Plaintiffs") bring this action to recover damages and obtain declaratory and injunctive relief related to their incarceration in Barbados following an extradition request and provisional arrest warrants in *United States v. Hawkesworth*, No. 1:04-0285-EGS (D.D.C.). *See* Second Supplemented Compl. & Demand for Jury Trial ("Complaint" or "SAC"), ECF No. 47 ¶¶ 1, 81-121.[2] Plaintiffs sue the United States as well as the following individuals in their individual

---

[1] Mr. Hawkesworth died during this litigation. *See* Notice of Death of Frederick C. Hawkesworth, ECF No. 15. His wife is now representative of his estate. *See* SAC, ECF No. 47 ¶ 4.
[2] When citing electronic filings throughout this Opinion, the Court refers to the ECF page numbers, not the page numbers of the filed documents.

1

capacity: Stephen M. May ("Mr. May"); Gordon Patten, Jr. ("Mr. Patten"); Jodi L. Avergun ("Ms. Avergun"); Kenneth A. Blanco ("Mr. Blanco"); Paul M. O'Brien ("Mr. O'Brien"); Arthur Wyatt ("Mr. Wyatt"); Christopher A. Wray ("Mr. Wray"); Alice S. Fisher ("Ms. Fisher"); Lanny A. Breuer ("Mr. Breuer"); John D. Ashcroft ("Mr. Ashcroft"); Alberto Gonzales ("Mr. Gonzales"); Michael B. Mukasey ("Mr. Mukasey"); Eric H. Holder, Jr. ("Mr. Holder"); and John Does 1-20[3] (collectively, "Individual Defendants"). *Id.* ¶¶ 5-11.

Pending before the Court is Defendants' Motion to Dismiss, *see* Mot. Dismiss ("Defs.' Mot."), ECF No. 49. Upon careful consideration of the motion, opposition, and reply thereto, the applicable law, and the entire record herein, the Court hereby **GRANTS** Defendants' Motion to Dismiss, ECF No. 49.

**II. Background**

   **A. Factual**

Mr. Gaskin, Mr. Scantlebury, and Mr. Hawkesworth were arrested in Barbados in May 2004 based on a criminal complaint. *See* SAC, ECF No. 47 ¶ 46. Later, on June 17, 2004, a federal grand jury for the District of Columbia returned an indictment against Plaintiffs and two other individuals on two counts of

---

[3] The John Doe Defendants are "other federal officials or entities whose actions or inaction injured Plaintiffs under U.S. or Barbadian law, including the common law." SAC, ECF No. 47 ¶ 10.

trafficking and distribution of cocaine. *Id.* ¶ 42. The United States sought Plaintiffs' extradition from Barbados. *Id.* ¶ 46. Plaintiffs challenged extradition and were released on bail in the meantime. *See id.* On June 9, 2011, authorities in Barbados remanded Plaintiffs to prison while awaiting extradition. *Id.* ¶ 60. Upon motion by the United States, the Court dismissed the indictment on January 9, 2014. *Id.* ¶ 66. Plaintiffs were released from custody in Barbados that same day. *Id.*

### B. Procedural

Defendants filed this Motion to Dismiss on November 9, 2020. *See* Defs.' Mot., ECF No. 49. On January 11, 2021, Plaintiffs filed a brief in opposition, *see* Mem. Law Supp. Pls.' Opp'n Def.'s Mot. Dismiss ("Pls.' Opp'n"), ECF No. 50; and Defendants replied on March 31, 2021, *see* Reply Supp. Defs.' Mot. Dismiss ("Defs.' Reply"), ECF No. 52. The motion is now ripe and ready for adjudication.

## III. Legal Standard

### A. Rule 12(b)(1) Motion to Dismiss

"A federal district court may only hear a claim over which [it] has subject matter jurisdiction; therefore, a Rule 12(b)(1) motion for dismissal is a threshold challenge to a court's jurisdiction." *Gregorio v. Hoover*, 238 F. Supp. 3d 37, 44 (D.D.C. 2017) (quoting *Metro. Wash. Chapter v. District of Columbia*, 57 F. Supp. 3d 1, 13 (D.D.C. 2014)). To survive a Rule

12(b)(1) motion, the plaintiff bears the burden of establishing that the court has jurisdiction by a preponderance of the evidence. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Because Rule 12(b)(1) concerns a court's ability to hear a particular claim, "the court must scrutinize the plaintiff's allegations more closely when considering a motion to dismiss pursuant to Rule 12(b)(1) than it would under a motion to dismiss pursuant to Rule 12(b)(6)." *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 65 (D.D.C. 2011) (citations omitted). In so doing, the court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff, but the court need not "accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001). The Court may also consider "undisputed facts evidenced in the record" as well as its own "resolution of disputed facts." *Herbert v. Nat'l Acad. Of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

    Faced with motions to dismiss under Rule 12(b)(1) and Rule 12(b)(6), a court should first consider the Rule 12(b)(1) motion because "[o]nce a court determines that it lacks subject matter jurisdiction, it can proceed no further." *Ctr. for Biological Diversity v. Jackson*, 815 F. Supp. 2d 85, 90 (D.D.C. 2011) (citations and internal quotation marks omitted).

### B. Rule 12(b)(6) Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted).

Despite this liberal pleading standard, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "In determining whether a complaint fails to state a claim, [the Court] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). A claim is facially plausible when the facts pled in the complaint allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The standard does not amount to a "probability

requirement," but it does require more than a "sheer possibility that a defendant has acted unlawfully." *Id.*

"[W]hen ruling on a defendant's motion to dismiss [pursuant to Rule 12(b)(6)], a judge must accept as true all of the factual allegations contained in the complaint." *Atherton v. D.C. Off. of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (citation and internal quotation marks omitted). In addition, the court must give the plaintiff the "benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## IV. Analysis

### A. The Court Will Substitute the United States in Place of the Defendants Sued in Their Individual Capacities for the Common-Law Tort Claims

The Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679 ("Westfall Act"), "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007). Pursuant to this statute, the Attorney General may certify "that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(1). This certification triggers immunity for the defendant employee, *Phillips v. Spencer*, 390 F. Supp. 3d 136, 163 (D.D.C. 2019); and

6

substitution of the United States for that employee as the party-defendant, *see Wuterich v. Murtha*, 562 F.3d 375, 380 (D.C. Cir. 2009).

Here, Plaintiffs allege several common-law tort claims against various Defendants in their individual capacity. *See* SAC, ECF No. 47 ¶¶ 81-120. Defendants have submitted with their Motion to Dismiss a Certification from Daniel F. Van Horn, Chief of the Civil Division in the Office of the U.S. Attorney for the District of Columbia,[4] stating that Mr. May, Mr. Patten, Ms. Avergun, Mr. Blanco, Mr. O'Brien, Mr. Wyatt, Mr. Wray, Ms. Fisher, Mr. Breuer, Mr. Ashcroft, Mr. Gonzales, Mr. Mukasey, and Mr. Holder were acting within the scope of their employment at the time of the relevant events. *See* Certification from Daniel F. Van Horn, ECF No. 49-2 at 1. This certification is "*prima facie* evidence that the employee[s] w[ere] acting within the scope of [their] employment." *Council on Am. Islamic Rels. v. Ballenger*, 444 F.3d 659, 662 (D.C. Cir. 2006). Because Plaintiffs do not challenge whether the individual Defendants were acting within the scope of their employment, *see generally* Pls.' Opp'n, ECF No. 50; the Court substitutes the United States

---

[4] The Attorney General may make this certification through a delegate. *See Jacobs v. Vrobel*, 724 F.3d 217, 220 (D.C. Cir. 2013).

7

as defendant for the common-law tort claims, *see* 28 U.S.C. § 2679(d)(1).

### B. The Court Does Not Have Subject Matter Jurisdiction Over Plaintiffs' Common-Law Tort Claims

Defendants move to dismiss Counts IV, V, VI, VII, and VIII of the Complaint for lack of subject matter jurisdiction. Defs.' Mot., ECF No. 49 at 16-22; Defs.' Reply, ECF No. 52 at 9-18. Specifically, they argue that the FTCA governs this case and that the FTCA's waiver of sovereign immunity does not apply to Plaintiffs' claims. *See id.* Plaintiffs concede that the FTCA's waiver of sovereign immunity does not apply to their injuries because those injuries arose abroad. Pls.' Opp'n, ECF No. 50 at 10 (citing 28 U.S.C. § 2680(k); *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004)). However, they maintain that the FTCA does not apply to this case and that the Court otherwise has subject matter jurisdiction over it. *See id.* at 14-20. For the reasons discussed below, the Court concludes that it does not have subject matter jurisdiction over Plaintiffs' tort claims.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Plaintiffs' common-law tort claims therefore may proceed only if they "fall within a valid waiver of sovereign immunity." *Sierra Club v. Wheeler*, 956 F.3d 612,

8

616 (D.C. Cir. 2020). This waiver "must be 'unequivocally expressed in the statutory text' and 'strictly construed, in terms of its scope, in favor of the sovereign.'" *Tri-State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003) (quoting *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999)).

Here, Defendants identify the FTCA as the only possible waiver of sovereign immunity for Plaintiffs' common-law tort claims. *See* Defs.' Mot., ECF No. 49 at 17. Still, they contend that the FTCA prevents Plaintiffs from maintaining these claims because the law waives sovereign immunity only under limited circumstances, which are not present here. *See id.* at 16-22. Specifically, Defendants argue that the FTCA bars Plaintiffs' tort claims because (1) the claims are untimely, *see id.* at 17 (citing 28 U.S.C. § 2401(b)); (2) the claims are based on injuries that arose abroad, *see id.* at 18-19 (citing 28 U.S.C. § 2680(k)); (3) the claims allege that DOJ attorneys were responsible for malicious prosecution or false imprisonment, *see id.* at 20 (citing 28 U.S.C. § 2680(h)); and (4) the claims fall under the discretionary function exception to the FTCA, *see id.* at 20-22 (citing 28 U.S.C. § 2680(a)).

Plaintiffs concede that the FTCA does not waive sovereign immunity for claims, like those here, that are based on injuries that arose abroad. Pls.' Opp'n, ECF No. 50 at 10 (citing 28

9

U.S.C. 2680(k); *Sosa*, 542 U.S. at 700). They do not offer an alternative statute waiving sovereign immunity for common-law tort claims against the United States. *See generally id.* This failure is fatal. *See Tri-State Hosp. Supply Corp.*, 341 F.3d at 575 ("A party bringing suit against the United States bears the burden of proving that the government has unequivocally waived its immunity.").

Moreover, the Court agrees with Defendants that there is no statutory waiver of sovereign immunity here. The FTCA is the sole waiver of sovereign immunity for tort actions against the United States. *See Gable v. United States*, 931 F. Supp. 2d 143, 147 (D.D.C. 2013); *cf. Council on Am. Islamic Rels.*, 444 F.3d at 666. This waiver is subject to several exceptions, including the foreign country exception. *See* 28 U.S.C. § 2680(k). Under the foreign country exception, sovereign immunity is not waived for "[a]ny claim arising in a foreign country." *Id.* The Supreme Court has clarified that this exception "bars all claims based on any injury suffered in a foreign country, regardless of where the tortious act or omission occurred." *Sosa*, 542 U.S. at 712. Here, it is undisputed that Plaintiffs were injured in Barbados. *See* Defs.' Mot., ECF No. 49 at 19; Pls.' Opp'n, ECF No. 50 at 10. Plaintiffs' common-law tort claims therefore all fall squarely within the foreign country exception. *See Sosa*, 542 U.S. at 712.

Plaintiffs' briefing misses the significance of this conclusion. Because the foreign country exception applies, the FTCA does not waive sovereign immunity for the tort claims in this case. *See id.* at 700. Rather than identify another basis for waiver of sovereign immunity, Plaintiffs argue that the FTCA does not apply at all. *See* Pls.' Opp'n, ECF No. 50 at 17-20. They reason that Section 2679, which states that the FTCA is the exclusive remedy for tort actions against the United States for damages, does not apply to tort actions that fall under the exceptions to the FTCA in Section 2680, such as the foreign country exception, because Section 2680 states that the provisions of the FTCA "shall not apply." *See id.* at 17-20 (citing 28 U.S.C. §§ 2679, 2680). The Court rejects this tortured reading of the FTCA. Indeed, the authority Plaintiffs rely on—*Simmons v. Himmelreich*, 578 U.S. 621 (2016)—clearly states that "[t]he dismissal of a claim in the 'Exceptions' section signals merely that the United States cannot be held liable for a particular claim." 578 U.S. at 630. Put differently, the exceptions to the FTCA do not provide an escape hatch from the exclusive remedy provision. And even if there were such a hatch, Plaintiffs would still need to identify some other waiver of sovereign immunity. *See Sierra Club*, 956 F.3d at 616.

Plaintiffs' other arguments do not fare any better. They argue that they may "proceed[] on a *Bivens*-style tort fashioned under *this Court's common-law powers* or in a pre-FTCA diversity action based on *Barbados law*." Pls.' Opp'n, ECF No. 50 at 20 (emphasis in original). To reach this result, Plaintiffs articulate a new theory for this Court's common-law powers. *See id.* at 22-25. They do not address the issue of sovereign immunity—the critical issue at this juncture, *see generally id.* at 20-25; and provide the Court with no basis for resolution in their favor. As Defendants explain in their reply briefing, *see* Defs.' Reply, ECF No. 52 at 12-13; even if the Court could fashion a new private right of action, the Court does not have the power to imply a waiver of sovereign immunity, *see Lane v. Pena*, 518 U.S. 187, 192 (1996).

Plaintiffs also attempt to save their tort claims by turning to other jurisdictional matters. *See* Pls.' Opp'n, ECF No. 50 at 14-17. Specifically, they argue that the Court has subject matter jurisdiction over their tort claims because the Court has federal question jurisdiction, diversity jurisdiction, and supplemental jurisdiction. *See id.* Even assuming *arguendo* that they are correct on these points, the Court may not exercise jurisdiction over the tort claims here unless there has been a clear waiver of sovereign immunity, *see FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

The FTCA is the only possible waiver of sovereign immunity for Plaintiffs' tort claims against the United States. Because these claims all fall under the foreign country exception, there is no waiver of sovereign immunity here. The Court therefore **DISMISSES** Counts IV, V, VI, VII, and VIII against the United States for lack of subject matter jurisdiction.

### C. Plaintiffs Have Failed to State *Bivens* Claims

Defendants next move to dismiss Counts IV, V, VI, and VII against the Defendants sued in their individual capacity for failure to state a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Defs.' Mot., ECF No. 49 at 22-29. In *Bivens*, the Supreme Court recognized an implied private right of action for damages against federal officials alleged to have violated a citizen's constitutional rights. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). Defendants argue that (1) Mr. Gaskin and Mr. Hawkesworth cannot raise *Bivens* claims because they were non-citizens and non-residents during the relevant events; and (2) there is no basis to imply *Bivens* claims here. *See* Defs.' Mot., ECF No. 49 at 22-29.

Plaintiffs concede that *Bivens* claims are not available here. Pls.' Opp'n, ECF No. 50 at 10 (citing *Hernandez v. Mesa*, 140 S. Ct. 735 (2020)). Accordingly, the Court **DISMISSES** Counts IV, V, VI, and VII against the Defendants sued in their

13

individual capacity for failure to state a constitutional-tort claim.

### D. Plaintiffs Have Failed to State a Claim for the Remaining Counts of the Complaint

Finally, Defendants move to dismiss each Count of the Complaint for failure to state a claim under Rule 12(b)(6). *See* Defs.' Mot., ECF No. 49 at 34-41. The Court addresses only Counts I, II, and III here, having already dismissed Counts IV, V, VI, VII, and VIII *supra*.

#### 1. Malicious Prosecution and False Imprisonment

Defendants move to dismiss Count I of the Complaint, which alleges two common-law torts: malicious prosecution and false imprisonment. Defs.' Mot., ECF No. 49 at 35-37; *see* SAC, ECF No. 47 ¶¶ 81-86 (using the terms "wrongful prosecution and imprisonment"). For the reasons that follow, the Court **DISMISSES** this Count for failure to state a claim.

"Under District of Columbia law, a plaintiff alleging malicious prosecution must prove (1) a criminal proceeding instituted or continued by the defendant against the plaintiff; (2) termination of the proceeding in favor of the plaintiff; (3) absence of probable cause for the proceeding; and (4) malice, defined as 'a primary purpose in instituting the proceeding other than that of bringing an offender to justice.'" *Sherrod v. McHugh*, 334 F. Supp. 3d 219, 254-55 (D.D.C. 2018) (quoting

14

*DeWitt v. District of Columbia*, 43 A.3d 291, 296 (D.C. 2012)). A showing of probable cause is a valid defense to a malicious prosecution claim. *Id.*

Under District of Columbia law, a plaintiff alleging false imprisonment must prove "(1) detention or restraint against one's will within boundaries fixed by the defendant, and (2) the unlawfulness of such restraint." *Harris v. U.S. Dep't of Veterans Affs.*, 776 F.3d 907, 911–12 (D.C. Cir. 2015) (citing *Edwards v. Okie Dokie, Inc.*, 473 F. Supp. 2d 31, 44 (D.D.C. 2007)). As with malicious prosecution, probable cause is a defense to a false imprisonment claim. *Id.*

Defendants argue that both claims fail because there was probable cause for Plaintiffs' arrest, prosecution, and imprisonment. *See* Defs.' Mot., ECF No. 49 at 35-37. They point to the fact that Plaintiffs were prosecuted and incarcerated pursuant to an indictment returned by a federal grand jury for the District of Columbia. *Id.* (citing SAC, ECF No. 47 ¶ 42). Indeed, the Supreme Court "has held that an indictment, 'fair upon its face,' and returned by a 'properly constituted grand jury,' conclusively determines the existence of probable cause." *Gerstein v. Pugh*, 420 U.S. 103, 118 n.19 (1975) (quoting *Ex parte United States*, 287 U.S. 241, 250 (1932)). Further, Defendants argue that Plaintiffs have raised only conclusory allegations as to the lack of probable cause. Defs.' Mot., ECF

15

No. 49 at 36 (citing SAC, ECF No. 47 ¶¶ 65, 82-86, 88, 91, 98-99).

Plaintiffs do not defend the adequacy of their factual allegations in the Complaint. *See generally* Pls.' Opp'n, ECF No. 50. Instead, they largely repeat their motion to alter the Court's dismissal of charges from the criminal proceedings. *Compare id.* at 26-42, *with* Mot. Alter Dismissal to Dismissal with Prejudice for Lack of Probable Cause of Criminal Conduct, *United States v. Hawkesworth*, No. 1:04-0285-EGS (D.D.C.), ECF No. 106. The Court has already rejected those arguments, *see* Mem. Op., *United States v. Hawkesworth*, No. 1:04-0285-EGS (D.D.C.), ECF No. 133; and will not reconsider its earlier decision.

Plaintiffs have failed to rebut Defendants' probable cause defense; accordingly, the Court **DISMISSES** Count I of the Complaint for failure to state a claim for malicious prosecution and false imprisonment.

### 2. Expungement

Defendants argue that the Court should dismiss Count II of the Complaint, which alleges an injunctive claim for expungement, because expungement is an equitable remedy and not a cause of action. *See* Defs.' Mot., ECF No. 49 at 39-40. Plaintiffs counter that they do not "lack a cause of action for expungement under the equitable doctrine of *Ex parte Young* and

16

its modern judicial-review descendants, including the [Administrative Procedure Act, 5 U.S.C. §§ 551-706]" and that the Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") has recognized this cause of action. Pls.' Opp'n, ECF No. 50 at 44 (citations omitted). The Court agrees with Defendants and **DISMISSES** Count II.

There is "no standalone right to expungement of government records . . . in this Circuit." *United States v. Douglas*, 282 F. Supp. 3d 275, 278 (D.D.C. 2017) (internal quotation marks omitted) (quoting *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 536 (D.C. Cir. 2015)). Instead, the D.C. Circuit has held that expungement is a remedy that a court should impose "where necessary to vindicate rights secured by the Constitution or by statute." *Chastain v. Kelley*, 510 F.2d 1232, 1235 (D.C. Cir. 1975) (citing *Menard v. Saxbe*, 498 F.2d 1017, 1023 (1974)).

Here, Plaintiffs have pleaded a standalone claim for expungement. *See* SAC, ECF No. 47 ¶¶ 87-89. D.C. Circuit precedent clearly forecloses this claim. *See Abdelfattah*, 787 F.3d at 536. Plaintiffs may not now amend the claim in their opposition briefing to allege an *Ex parte Young* or Administrative Procedure Act violation. *See Budik v. Ashley*, 36 F. Supp. 3d 132, 144 (D.D.C. 2014) ("It is a well-established principle of law in this Circuit that a plaintiff may not amend her complaint by making new allegations in her opposition

17

brief."), *aff'd sub nom. Budik v. United States*, No. 14-5102, 2014 WL 6725743 (D.C. Cir. Nov. 12, 2014). The Court therefore **DISMISSES** Count II of the Complaint for failure to state a claim.

### 3. Right to Travel and Associate

Defendants move to dismiss Count III of the Complaint, which alleges an injunctive claim for restrictions of the right to travel and associate freely, because Plaintiffs have not identified the source of these rights and because the Complaint is "fatally conclusory." Defs.' Mot., ECF No. 49 at 40-41. In their opposition briefing, Plaintiffs allege that they have a right to travel under the First Amendment. Pls.' Opp'n, ECF No. 50 at 44 (citing *Trump v. Hawaii*, 138 S. Ct. 2392, 2416 (2018)). Further, they argue that they all have third-party standing to assert their family members' right to travel and that Mr. Scantlebury has a right to visit his family in the United States. *Id.* (citation omitted). Plaintiffs also seem to suggest that they may move for leave to amend the claim. *See id.*

The Court agrees with Defendants that Plaintiffs have failed to state a claim for relief. Unlike the constitutional right to interstate travel, which "is virtually unqualified," *Haig v. Agee*, 453 U.S. 280, 307 (1981); the constitutional right to international travel "is best described as the freedom to travel to foreign countries, and involves, *inter alia*, the right

18

to own a passport," *Nattah v. Bush*, 770 F. Supp. 2d 193, 205 (D.D.C. 2011) (citations and internal quotation marks omitted). Assuming *arguendo* that Plaintiffs may assert third-party standing here, they have failed to make any factual allegations that any family member's right to travel has been affected. *See generally* SAC, ECF No. 47. Nor do they plead any facts alleging that Mr. Scantlebury's right to travel to the United States has been violated. *See generally id.* Accordingly, the Court **DISMISSES** Count III for failure to state a claim. *See Iqbal*, 556 U.S. at 678.

**V.    Conclusion**

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss, ECF No. 49.

An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**


**Signed:    Emmet G. Sullivan**
**United States District Judge**
**February 27, 2023**